IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DARRYL McBEE [AF-7536] | : : : | CIVIL ACTION |
| v. | : : | |
| JEROME WALSH, et al. | : | NO.   13-3491 |

**REPORT AND RECOMMENDATION**

M. FAITH ANGELL
UNITED STATES MAGISTRATE JUDGE                                             December 4, 2013

Presently before this Court is a *pro se* Petition for Writ of Habeas Corpus filed, pursuant to 28 U.S.C. §2254, by a state prisoner.   Petitioner, Darryl McBee, is currently incarcerated at the State Correctional Institution ["SCI"] in Dallas, Pennsylvania, where he is serving a life sentence plus six to twenty years for second degree murder and related charges. For the reasons which follow, I recommend that McBee's habeas petition be stayed to allow him the opportunity to litigate, in the state courts, a claim relying on the recent decision by the United States Supreme Court in *Miller v. Alabama,* ___ U.S. ___, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012).

**I.     FACTUAL AND PROCEDURAL HISTORY.**[1]

On July 14, 1980, after a trial in the Philadelphia Court of Common Pleas, a jury found Darryl McBee guilty of second degree murder and robbery.   The underlying factual background

---

1.     Because McBee has a post-conviction petition pending in the state system, his state court records are not available in this case.   The facts and procedural history are taken from the petition, and the Commonwealth's response with attached exhibits.

was summarized by the Pennsylvania Supreme Court as follows:

> "On July 1, 1976, John Meehan was killed during the course of a robbery in Philadelphia, Pennsylvania.  On August 18, 1976, Darryl McBee (appellee) was arrested in Virginia while visiting his brother and sister-in-law.  Subsequent to his arrest, appellee had the advice of his brother, sister-in-law and Attorney John Garland, a friend of the family.  All 'essentially advised [appellee] to make no statement to the police concerning the charges.'     At the extradition hearing on August 16, 1976, appellee was again advised by his brother, Garland and a court-appointed attorney to remain silent.  On August 23, 1976, appellee was transported from Virginia to Philadelphia.  During that trip, after being advised of his *Miranda* rights, appellee gave an inculpatory statement to the police.
>
> Prior to appellee's trial in Philadelphia, appellee's then-counsel filed a motion to suppress the inculpatory statement given by appellee, alleging, *inter alia*, that the statement was given by appellee involuntarily.  Prior to the suppression hearing, appellee was appointed new counsel.  Appellee's suppression motion was denied.  In January 1977, appellee was found guilty of murder in the second degree, robbery and criminal conspiracy.  On appellee's first appeal to the Superior Court, that Court, *en banc*, reversed appellee's judgment of sentence and remanded the case for a new trial.  The Superior Court at that time held that an erroneous *voir dire* ruling required appellee to receive a new trial.  In that same appeal, appellee also raised the issue of the admissibility of his inculpatory statement, which Superior Court disposed of as follows: [ . . . ]
> On June 14, 1980, appellee's third and final trial, at which his inculpatory statement was introduced as evidence resulted in a verdict of guilty of murder in the second degree and robbery.  Appellee filed post-trial motions in which he alleged, among other claims, ineffective assistance of his prior counsel and ineffective assistance of his present counsel, in their failure to raise the issue, in the 1976 suppression motion, that appellee was a minor at the time he gave the inculpatory statement, and that he did not have access to an 'interested adult' during the time that he gave his inculpatory statement; thus his inculpatory statement was *per se* not knowing and intelligent.  [ . . . ]   In September, 1981, appellee's post-trial motions were denied and appellee was sentenced to life imprisonment on the murder in the second degree charge and 6 to 20 years imprisonment on the robbery charge, with both sentences running concurrently. [Citations to various documents omitted.]"

*Commonwealth's Response to Habeas Petition*: Exhibit "A" (*Commonwealth v. McBee,* 520

A.2d 10 (Pa. 1986) [Document 6-1], at 3-4.

At the time of the murder, July 1, 1976, Petitioner was seventeen years old.  *Id.*, at 4.

Petitioner appealed his conviction at his final trial to the Superior Court, raising various claims including appellate counsel's own ineffectiveness. The Superior Court remanded Petitioner's case for appointment of new counsel. The Commonwealth filed a petition for allowance of appeal in the Pennsylvania Supreme Court, which was granted. *Id.*, at 4.

In its December 10, 1986 decision, the state Supreme Court reversed the Superior Court, holding:

> "When appellate counsel asserts a claim of his or her own ineffective assistance of counsel on direct appeal, the case should be remanded for the appointment of new counsel *except* (1) where, it is clear from the record that counsel was ineffective or (2) where it is clear from the record that the ineffectiveness claim is meritless."

*Id.*, at 5.

The Court determined that McBee's claim of ineffective assistance of appellate counsel was meritless and remanded the matter to the Superior Court for disposition of McBee's remaining issues on appeal. *Id.*[2]

On July 6, 2010, McBee filed a petition under the Pennsylvania Post-Conviction Relief Act ["PCRA"]. On July 19, 2012, he supplemented his PCRA petition, adding a claim that the life without parole sentence imposed when he was a juvenile is unconstitutional under the *Miller* decision. This petition is pending before the PCRA Court. *Commonwealth's Response*: Exhibit "B" (Criminal Docket) [Document 6-2], at 5-6.

---

2   The Court explained: "[R]eviewing the 'totality of the circumstances', it is clear that appellee's inculpatory statement was knowing and intelligent and therefore counsel was not ineffective for failing to raise or preserve an issue concerning appellee's youth as it relates to the knowing and intelligent waiver of his rights prior to giving his inculpatory statement. Failure to raise a meritless issue is not ineffective

On June 19, 2013, McBee filed his habeas petition in which he asserts the following claim for relief:

> "Petitioner's mandatory sentence of life without parole violates the Eighth Amendment's prohibition on cruel and unusual punishment; Petitioner's sentence must be vacated, and Petitioner must be individually resentenced on the most severe lesser-included offense."

*Legal Memorandum in Support of Habeas Petition* [Document 1], at 17.

On November 26, 2013, the Commonwealth filed a response to McBee's habeas petition acknowledging that his *Miller* claim is pending in the state courts, and taking the position that under the present circumstances a stay of this proceeding is appropriate until after the conclusion of state court review of Petitioner's *Miller* claim. *Commonwealth's Response,* at 5-6.

## II.  DISCUSSION.

In *Miller*, decided on June 25, 2012, the U.S. Supreme Court held that "the Eighth Amendment forbids a sentencing scheme that mandates life in prison without the possibility of parole for juvenile offenders."  *Miller v. Alabama,* ___ U.S. ___, 132 S.Ct. 2455, 2469, 183 L.Ed.2d 407 (2012).   Prior to sentencing a juvenile who has committed murder, "a judge or jury must have the opportunity to consider mitigating circumstances before imposing the harshest possible penalty."  *Id.*, at 2475.   The sentencer must "assess whether the law's harshest term of imprisonment proportionately punishes a juvenile offender."  *Id.*, at 2466.   "Central considerations" include:

> "consideration of his [the juvenile's] age and its hallmark features – among them, immaturity, impetuosity, and failure to appreciate risks and consequences;"
> "the family and home environment that surrounds him – and from which he cannot usually extricate himself – no matter how brutal or dysfunctional;"

---

assistance of counsel."  *Id.*

> "the circumstances of the homicide offense, including the extent of his participation in the conduct and the way familial and peer pressures may have affected him;"
> "that he might have been charged and convicted of a lesser offense if not for incompetencies associated with youth – for example, his inability to deal with police officers or prosecutors (including on a plea agreement) or his incapacity to assist his own attorneys;" and
> "the possibility of rehabilitation."

*Id.*, at 2468.

In response to *Miller*, the Pennsylvania legislature amended the state sentencing laws, effective October 25, 2012, to provide for parole eligibility for youthful murderers, with the minimum term of imprisonment determined by the degree of the offense and the age of the juvenile at the time of the offense. *Gonzalez v. Bickell,* CA No. 13-3404, 2013 WL 5273784, at *2 (E.D. Pa. September 17, 2013). The amendments apply to those persons who are convicted after June 24, 2012. *18 Pa.C.S.A. §1102.1*.

The Pennsylvania Supreme Court has ruled that *Miller* applies to individuals who are "subject to non-final judgments of sentence for murder as of *Miller's* issuance." *Commonwealth v. Batts*, 66 A.2d 286, 297, 2013 WL 1200252 (Pa. March 26, 2013). In a companion case, decided on October 30, 2013, the state Supreme Court ruled that *Miller* is not retroactive and, therefore, does not extend to juvenile offenders whose judgments of sentence were final as of the time of the *Miller* decision. *Commonwealth v. Cunningham,* -- A.3d --, 2013 WL 5814388 at *7 (Pa. October 30, 2013).

The Commonwealth represents that it has been informed that Counsel in *Cunningham* intends to seek *certiorari* in the United States Supreme Court, and that in light of the ongoing

litigation, the Supervising Judge of the Philadelphia Court of Common Pleas has directed that all pending PCRA *Miller* claims be stayed pending the outcome of the anticipated *Cunningham certiorari* petition.  *Commonwealth's Response,* at 3.

On October 3, 2013, the Third Circuit issued its decision in *In re Pendleton*, ____ F.3d ___, 2013 WL 5486170 (3d Cir. October 3, 2013).   In this case, the Third Circuit concluded that three habeas petitioners who claimed to be serving mandatory sentences of life without the possibility of parole for offenses committed as juveniles had made a sufficient *prima facie* showing that the *Miller* rule is retroactive to permit them to file a successive habeas petition in the district court.  *In re Pendleton*, 2013 WL 5486170, at *2.  The Court stressed that the grant of permission to file a successive habeas petition was tentative, "and the District Court must dismiss the habeas petition if it finds that the requirements for filing such a petition have not in fact been met."  *Id.*

As neither the Third Circuit, nor the United States Supreme Court, has ruled on the question of whether the *Miller* rule applies retroactively, this issue is still unsettled.

McBee, whose conviction was final before the *Miller* decision, falls within the group of individuals whose sentences may be affected by the United States Supreme Court's ruling on the *Cunningham certiorari* petition and/or other federal authority regarding the *Miller* retroactivity question.   His *Miller* claim is pending in the PCRA forum and is unexhausted.

Ordinarily, a habeas petition containing an unexhausted claim must be dismissed without prejudice.   However, the U.S. Supreme Court has approved the use of stay and abey procedures "where such a stay would be a proper exercise of discretion. [The Anti-Terrorism and Effective

Death Penalty Act (AEDPA)] does not deprive district courts of that authority, but it does circumscribe their discretion." *Rhines v. Weber*, 544 U.S. 269, 276 (2005) (internal quotations and citations omitted).

> "[S]tay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court could abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. [ . . . ]
> A mixed petition should not be stayed indefinitely [ . . . ]   [D]istrict courts should place reasonable time limits on a petitioner's trip to state court and back. District courts should explicitly condition the stay on the prisoner's pursuing state court remedies within a brief
> interval, normally 30 days, after the stay is entered and returning to federal court within a similarly brief interval, normally 30 days after state court exhaustion is completed. [ . . . ]
> On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition."

*Id.*, at 277-278 (internal quotations and citations omitted).

Under the circumstances presented in this matter, McBee's habeas petition should be stayed and held in abeyance pending the conclusion of his state court PCRA proceedings. There is good cause for Petitioner's earlier failure to raise this constitutional challenge to his sentence in state court. The claim is not "plainly meritless", and there is no indication that McBee "engage[d] in abusive litigation tactics or intentional delay."   *Rhines*, 544 U.S. at 277-278. Furthermore, the Commonwealth does not oppose a stay of the proceedings. Also, as the

Commonwealth notes, the stay should be conditioned on Petitioner's notifying this Court and the Respondents within a specified reasonable time after the conclusion of the state court proceedings. *See Commonwealth's Response,* at 5-6.

### III.    RECOMMENDATION.

Consistent with the above discussion, it is recommended that McBee's habeas petition be STAYED and held in ABEYANCE while he litigates his PCRA petition.  It is further recommended that, if Petitioner fails to return to federal court within thirty days of the conclusion of his state court proceedings, this Order be vacated and his habeas petition be DISMISSED WITHOUT PREJUDICE.  It is further recommended that there is no probable cause to issue a certificate of appealability.[3]

BY THE COURT:

 S/M. FAITH ANGELL
M. FAITH ANGELL
UNITED STATES MAGISTRATE JUDGE

By email to:   the Honorable James Knoll Gardner
               Susan Affronti, Esq.         susan.affronti@phila.gov
By mail to:    Darryl McBee
               AF-7536
               SCI Dallas
               1000 Follies Road
               Dallas, PA    18612

---

3    Petitioner is advised that he may file objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof.  *See* Local R.Civ.P. 72.1.  Failure to file timely objections may constitute a waiver of any appellate rights.