<u>IN THE UNITED STATES DISTRICT COURT</u>
<u>FOR THE EASTERN DISTRICT OF PENNSYLVANIA</u>

DARRYL McBEE,                          )      Civil Action
                                       )      No.  13-cv-03491
          Petitioner,                  )
                                       )
     v.                                )
                                       )
                                       )
JEROME WALSH,                          )
THE DISTRICT ATTORNEY OF               )
PHILA and                              )
THE ATTORNEY GENERAL OF THE            )
STATE OF PA,                           )
                                       )
          Respondents                  )

<u>O R D E R</u>

NOW, this 18th day of September, 2014, upon

consideration of the following documents:

(1)   Petition Under 28 U.S.C. § 2254 for Writ of
      Habeas Corpus by a Person in State Custody,
      which petition is dated June 10, 2013 and was
      filed on June 19, 2013;[1]

(2)   Response to Petition for Writ of Habeas
      Corpus, which response was filed November 26,
      2013;

(3)   Report and Recommendation of United States
      Magistrate Judge M. Faith Angell dated and
      filed December 4, 2013; and

(4)   Motion for Appointment of Counsel Pursuant to
      Rule 8(c) Governing § 2254 Habeas Petition,
      which motion was filed March 10, 2014,

---

[1]    Mr. McBee's original petition for writ of habeas corpus was filed
on June 19, 2013.  However, the petition itself indicates that it was signed
by petitioner on June 10, 2013.  Thus, giving petitioner the benefit of the
prison mailbox rule, (See <u>Burns v. Morton</u>, 134 F.3d 109 (3d Cir. 1998) and
Rule 3(d) of the Rules Governing Section 2254 Cases in the United States
District Courts), I consider June 10, 2013 the filing date of Mr. McBee's
original petition.

it appearing that as of the date of this Order no objections have been filed to the Report and Recommendation of Magistrate Judge Angell; it further appearing after review of this matter that Magistrate Judge Angell's Report and Recommendation correctly determined the legal and factual issues presented in the petition for habeas corpus relief,

IT IS ORDERED that Magistrate Judge Angell's Report and Recommendation is approved and adopted.

IT IS FURTHER ORDERED that the petition for habeas corpus relief is stayed and all proceedings are held in abeyance until conclusion of petitioner's state court proceedings and the final decision of the United States Court of Appeals for the Third Circuit in Songster v. Secretary Pennsylvania Department of Corrections, No. C.A. 12-3941, to resolve the question of the retroactive application of Miller v. Alabama, ___ U.S. ___, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012).[2]

IT IS FURTHER ORDERED that petitioner's motion for appointment of counsel is denied without prejudice to renew his

---

[2]     By Order dated January 28, 2014 and subsequent to the issuance of Magistrate Judge Angell's Report and Recommendation in this case, Chief Judge Petrese B. Tucker of the United States District Court for the Eastern District of Pennsylvania placed in civil suspense all habeas corpus petitions raising the issue of a petitioner's right to retroactive application of the holding in Miller, supra.

request after this matter is removed from civil suspense and returned to active status.[3]

IT IS FURTHER ORDERED that petitioner shall notify this court within 45 days following the conclusion of his state court proceedings.  Failure to do so will result in vacation of this stay and abeyance order, and petitioner's failure to return to federal court within that time frame may result in dismissal of the within petition.

IT IS FURTHER ORDERED that because petitioner has not met statutory requirements to have his case heard at this time, and no reasonable jurist could find this procedural ruling debatable, and because petitioner fails to demonstrate at this

---

[3]     Petitioner seeks appointment of counsel in this matter.  By Order of Magistrate Judge Angell dated October 30, 2013 and filed October 31, 2013 a previous motion for appointment of counsel was denied.

Rule 8 of the Rules Governing [28 U.S.C.] Section 2254 Cases in the United States District Courts provides that counsel should be appointed in habeas corpus cases only when an evidentiary hearing has been ordered or where the interests of justice so require.  At this time I do not intend to order a hearing in this matter.

Moreover, after review of petitioner's underlying habeas corpus petition, I conclude that the interests of justice do not require appointment of counsel in this case at this time because petitioner has more than adequately set forth his claims in his petition filed June 19, 2013.  In addition, the circumstances in this case have not materially changed since Magistrate Judge Angell denied petitioner's previous motion.

However, petitioner's motion for appointment of counsel is denied without prejudice to renew his request after this matter is removed from civil suspense and returned to active status.

time denial of a constitutional right, a certificate of

appealability is denied.

                              BY THE COURT:


                              /s/ JAMES KNOLL GARDNER
                              James Knoll Gardner
                              United States District Judge

-4-